# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**CLAY MULLINS,**
**Claimant Below, Petitioner**

**FILED**

December 6, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 19-0059** (BOR Appeal No. 2053092)
                    (Claim No. 2012012735)

**SPEED MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clay Mullins, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Speed Mining, LLC, by Counsel Henry C. Bowen, filed a timely response.

The issue on appeal is permanent total disability. The claims administrator denied the application for a permanent total disability award on September 21, 2017. The Office of Judges affirmed the decision in its July 5, 2018, Order. The Order was affirmed by the Board of Review on December 26, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mullins, a coal miner, suffered several injuries over the course of his more than thirty years of employment. In 1977, he injured his lumbar spine. In 1978, he sustained an injury to his lumbar spine and left heel. In 1979, he injured his right knee and ankle. The right knee required two surgeries and Mr. Mullins was granted a 15% permanent partial disability award. In 1981, Mr. Mullins injured his right knee and ankle. He suffered a crush injury to the left hand in 1982, underwent two surgeries, and was granted a 3% permanent partial disability award. Mr. Mullins sustained a lumbar spine injury in 1983, underwent surgery, and was assessed with 10% impairment by A.E. Landis, M.D. In 1985, Mr. Mullins injured his lumbar spine and was assessed with 3% additional lumbar impairment by Dr. Landis. Mr. Mullins then underwent lumbar spine

1

surgery and was subsequently granted a total award of 14% permanent partial disability for the lumbar spine. In 1992, Mr. Mullins received a 10% permanent partial disability award for occupational pneumoconiosis. In 2000, Mr. Mullins suffered two work injures, one to his left ankle and the other to his right hand and tendon. The right hand injury required two surgeries and he was eventually granted a 12% permanent partial disability award.

On July 7, 2006, Joseph Grady, M.D., performed an independent medical evaluation in which he found that Mr. Mullins had 1% left shoulder impairment and no additional right knee impairment. Robert Walker, M.D., performed an independent medical evaluation on December 4, 2011, in which he assessed 8% cervical spine impairment, 5% thoracic spine impairment, 7% left shoulder impairment, and 4% right knee impairment. His combined assessment was 22% whole person impairment. Mr. Mullins was then evaluated by H. R. Fleschner, M.D., on February 14, 2012. Dr. Fleschner assessed 8% cervical spine impairment, 5% thoracic spine impairment, 6% left shoulder impairment, and 4% right knee impairment for a total impairment rating of 21%.

On April 3, 2013, the Office of Judges reversed an August 9, 2011, claims administrator's decision granting a 1% permanent partial disability award and instead granted an 8% permanent partial disability award for the cervical spine and a 1% award for the left shoulder. Mr. Mullins was granted a 0.18% permanent partial disability award for hearing loss on June 20, 2012.

On November 13, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation to determine if Mr. Mullins met the 50% threshold to proceed with an application for permanent total disability benefits. Dr. Mukkamala opined that he had 8% cervical spine impairment. For the lumbar spine, Dr. Mukkamala assessed 12% impairment under Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and 4% for range of motion loss for a total of 16% whole person impairment. He then placed Mr. Mullins in Lumbar Category III of West Virginia Code of State Rules § 85-20-C (2006) and adjusted the rating to 13%. Dr. Mukkamala assessed no impairment for the thoracic spine, right knee, right ankle, or left shoulder. Dr. Mukkamala made note that Mr. Mullins was previously awarded 10% impairment for occupational pneumoconiosis and 0.18% for hearing loss. His combined total impairment assessment was 27.18%. Dr. Mukkamala opined that Mr. Mullins was not permanently and totally disabled and that he could work at the medium physical demand level.

The Permanent Total Disability Review Board's Initial Recommendations for Mr. Mullins's first application for permanent total disability were released on April 14, 2014. The Board determined that Mr. Mullins was not permanently and totally disabled. It found that he had 19% spine impairment; 10% impairment for occupational pneumoconiosis; and 0% impairment for hearing loss, the right knee, and the left shoulder. The claims administrator denied Mr. Mullins's first application for a permanent total disability award on July 24, 2014.

Bruce Guberman, M.D., performed an independent medical evaluation on October 17, 2014, to determine if Mr. Mullins met the 50% threshold to proceed with an application for permanent total disability. For the lumbar spine, Dr. Guberman assessed 10% impairment under Category II-E from Table 75 of the American Medical Association's *Guides.* Dr. Guberman assessed an additional 2% for lumbar surgery and 9% for loss of range of motion. His total

recommendation for the lumbar spine was 20% impairment. Dr. Guberman then placed Mr. Mullins in Lumbar Category III from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 13%. For the cervical spine, Dr. Guberman determined that Mr. Mullins had 4% impairment from Table 75 of the American Medical Association's *Guides* and 9% impairment for reduced range of motion. Dr. Guberman placed Mr. Mullins in Cervical Category II of West Virginia Code of State Rules § 85-20-E (2006) and adjusted the rating to 8%. For the thoracic spine, Dr. Guberman assessed 2% impairment from Table 75 of the American Medical Association's *Guides* and 4% for range of motion restriction. He then placed Mr. Mullins in Thoracic Category II from West Virginia Code of State Rules § 85-20-D (2006). His total thoracic impairment assessment was 6%. Dr. Guberman further found 8% right knee impairment, 4% left ankle impairment, 7% impairment for combined injuries to the right hand and wrist, and 7% left shoulder impairment. His combined total whole person impairment assessment was 56%.

The Office of Judges affirmed the July 24, 2014, claims administrator's decision denying the application for permanent total disability on January 30, 2015. It found that Mr. Mullins had a total of 46.18% impairment. It adopted Dr. Guberman's assessments of 20% lumbar spine impairment, 13% cervical spine impairment, 8% right knee impairment, and 7% right hand impairment. The Office of Judges adopted Dr. Mukkamala's assessments of 0% thoracic spine impairment and 0% left shoulder impairment. The Board of Review affirmed the decision. On August 1, 2016, this Court affirmed the Board of Review's decision. We stated that the Office of Judges erred in recalculating Mr. Mullins's total disability using pieces of different evaluations. The Office of Judges also improperly calculated the whole person impairment and failed to address the Permanent Total Disability Review Board's findings. However, the errors were not deemed to be reversible. The Court determined that the Permanent Total Disability Review Board and Dr. Mukkamala both found that Mr. Mullins did not meet the 50% threshold. Furthermore, if Dr. Guberman had correctly applied West Virginia Code of State Rules § 85-20, his findings would have also been under the 50% threshold.

On August 23, 2016, the Office of Judges reversed a claims administrator decision finding Mr. Mullins fully compensated by his 10% occupational pneumoconiosis impairment award and instead granted a 15% award. Mr. Mullins then submitted a second application for permanent total disability on November 10, 2016. He stated that he was granted an additional 5% impairment and now has 68.18% in permanent partial disability awards.

The Permanent Total Disability Review Board issued its Final Recommendations regarding the second application for a permanent total disability award on September 11, 2017. It determined that Mr. Mullins failed to meet the 50% whole body impairment threshold. The Board based its decision on an evaluation by Dr. Mukkamala in which he assessed 13% lumbar spine impairment, 4% cervical spine impairment, and 1% right hand impairment. The Board found that Dr. Mukkamala should not have apportioned his finding of 8% for the cervical spine. The Board's final finding was 33.18% impairment. The claims administrator then denied the application for a permanent total disability award on September 21, 2017.

On January 17, 2018, Dr. Guberman performed an independent medical evaluation in which he assessed 12% impairment for the lumbar spine under Category II-E from Table 75 of the

American Medical Associations *Guides.* Dr. Guberman assessed an additional 10% for loss of range of motion and 2% for neurological deficits. His total recommendation for the lumbar spine was 22% impairment. Dr. Guberman then placed Mr. Mullins in Lumbar Category III from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 13%. For the cervical spine, Dr. Guberman determined that Mr. Mullins had 4% impairment from Table 75 of the American Medical Associatoin's *Guides* and 8% impairment for reduced range of motion. Dr. Guberman placed Mr. Mullins in Cervical Category II of West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. For the thoracic spine, Dr. Guberman assessed 2% impairment from Table 75 of the American Medical Association's *Guides* and 6% for range of motion restriction. He then placed Mr. Mullins in Thoracic Category II from West Virginia Code of State Rules § 85-20-D. His total thoracic impairment assessment was 8%. Dr. Guberman further found 8% right knee impairment, 4% left ankle impairment, 8% impairment for combined injuries to the right hand and wrist, and 6% left shoulder impairment. His combined total whole person impairment assessment was 52.18%.

Dr. Mukkamala performed an independent medical evaluation on February 22, 2018, to determine if Mr. Mullins met the 50% threshold to proceed with an application for permanent total disability benefits. For the lumbar spine, Dr. Mukkamala assessed 12% impairment under Table 75 of the American Medical Association's *Guides* and 8% for range of motion loss for a total of 16% whole person impairment. He then placed Mr. Mullins in Lumbar Category III of West Virginia Code of State Rules § 85-20-C and adjusted the rating to 13%. Dr. Mukkamala opined that Mr. Mullins had 7% cervical spine impairment for reduced range of motion but apportioned 3% to preexisting conditions. He found no impairment for the thoracic spine. For the right knee, Dr. Mukkamala found 4% impairment. He also assessed 1% right hand impairment. Dr. Mukkamala noted that Mr. Mullins was found to have 10% occupational pneumoconiosis impairment and 0.18% hearing loss impairment. Dr. Mukkamala's total impairment assessment was 32.18%. Dr. Mukkamala stated that he disagreed with Dr. Guberman's assessment of 8% cervical spine impairment because Mr. Mullins had a significant, non-work-related cervical injury which requires apportionment. Dr. Mukkamala also disagreed with Dr. Guberman's finding of 8% right knee impairment because of preexisting, non-compensable degenerative arthrosis.

In an April 19, 2018, addendum to his report, Dr. Guberman disagreed with Dr. Mukkamala's assertion that the cervical spine impairment should be apportioned. He stated that there is no medically objective and reasonable method for apportioning half of the impairment to preexisting conditions. He further opined that the entire 8% cervical spine impairment is due to the compensable injury. Dr. Guberman also opined that Dr. Mukkamala incorrectly calculated Mr. Mullins's left ankle range of motion findings. Lastly, Dr. Guberman stated that any noncompensable degenerative arthrosis is the result of Mr. Mullins's original compensable injuries.

The Office of Judges affirmed the claims administrator's rejection of the application for permanent total disability benefits in its July 5, 2018, Order. It found that the most recent evaluations of record were made by Drs. Guberman and Mukkamala and provide the best opinions of Mr. Mullins's overall impairment. The Office of Judges found that both Drs. Mukkamala and Guberman assessed 13% lumbar spine impairment. It determined that a preponderance of the

evidence shows that Mr. Mullins has 8% cervical spine impairment. Dr. Guberman assessed 8% impairment and Dr. Mukkamala also assessed 8% impairment for the cervical spine prior to apportionment. Such apportionment was determined to be inappropriate by the Permanent Total Disability Review Board and the prior Office of Judges' decision. The Office of Judges next found that Mr. Mullins has no impairment for the thoracic spine as is consistent with Dr. Mukkamala's opinion and the July 30, 2015, Office of Judges' Order, which considered the first permanent total disability application.

The Office of Judges found that a preponderance of the evidence indicates Mr. Mullins has 8% right knee impairment based on Dr. Guberman's opinion. His opinion was supported by the fact that Mr. Mullins had a significant right knee injury that required two surgeries. The Office of Judges next determined that Mr. Mullins has 8% right hand/wrist impairment per Dr. Guberman's report. It found that he sustained a complex injury to his right hand and tendons which required two surgeries. Dr. Mukkamala's finding of 1% impairment for scarring was determined to be inconsistent with the evidence of record. The Office of Judges noted that Mr. Mullins has been found to have 15% impairment due to occupational pneumoconiosis and 0.18% impairment for hearing loss. The Office of Judges concluded that he has no impairment for the left hand, ankle, or shoulder. Mr. Mullins was granted a 3% impairment award for the left hand; however, such award was granted before the adoption of the American Medical Association's *Guides* 4th edition and Dr. Mukkamala's finding of 0% impairment was consistent with the medical evidence. The evidence also indicated there is no impairment for the left ankle. No impairment award was granted for the injury and the injury was likely mild, as Mr. Mullins returned to work shortly after. Lastly, the Office of Judges found that Mr. Mullins has no left shoulder impairment as determined by the prior Office of Judges' decision, the Permanent Total Disability Review Board, and Dr. Mukkamala. The Office of Judges concluded that he has 42.18% whole person impairment, which fails to meet the 50% threshold required for further consideration of a permanent total disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 26, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-6(n)(1) (2018), in order to receive a permanent total disability award, a claimant must first show that he or she has received at least 50% in permanent partial disability awards. Next, the claimant must be evaluated by the reviewing Board and be found to have at least 50% whole body impairment. In this case, Mr. Mullins has more than 50% in prior permanent partial disability awards. Thus, the issue is whether he has 50% whole person impairment. A preponderance of the evidence supports the Office of Judges' conclusion that Mr. Mullins failed to meet the 50% threshold required for further consideration of a permanent total disability award. The decision is supported by the Permanent Total Disability Review Board's conclusions, the findings of Dr. Mukkamala, and the prior decision of the Office of Judges, which was affirmed by this Court.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 6, 2019**


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison